DE YAN CHI, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 05–2238–ag.

United States Court of Appeals, Second Circuit.

Aug. 15, 2006.

Gary J. Yerman, New York, NY, for Petitioner.

Toi Denise Houston, Asst. U.S. Atty., Hammond, IN, for Respondent.

PRESENT: WILFRED FEINBERG, JON O. NEWMAN, CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Petitioner De Yan Chi petitions for review of an order of the BIA affirming the decision of Immigration Judge ("IJ") Gabriel C. Videla, ordering Chi's removal to China and denying his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re De Yan Chi,* No. 73 640 928 (BIA Apr. 19, 2005), *aff'g* No. 73 640 928 (Imm.Ct.N.Y.C. Jan. 24, 2004). We assume the parties' familiarity with the facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision directly. *See,*

*e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

In this case, the IJ's adverse credibility decision was supported by substantial evidence in the record. IJ Videla properly noted the following discrepancies and implausibilities in Chi's account of persecution: (1) Chi's marriage certificate was issued in 1993, when he had allegedly been living in Thailand and had not been in contact with his wife; (2) Chi equivocated as to whether his wife hid at his uncle's or his mother-in-law's house during her second pregnancy; (3) Chi testified that he had been sleeping at a friend's home when he was taken away to be sterilized, but later claimed that he was at his mother's home having dinner around midnight when he was taken away; (4) Chi first stated that his children stayed with his wife when he was in hiding, but later stated that they stayed with his mother-in-law; (5) Chi's initial asylum application indicated that he was fined 9,000 yuan, but did not mention the alleged 5,000 yuan increase to which he later testified; (6) Chi's household regis-

tration indicated that his second child had been registered in November 1990, when Chi and his wife were allegedly in hiding in another province; (7) Chi equivocated when testifying whether his wife had an IUD inserted in 1987 or 1992; (8) Chi testified that the authorities came to his house in search of his wife two or three times, but his asylum application only indicated one such incident; (9) on his asylum application, Chi indicated that his house was destroyed once, but he later testified that it was destroyed four times; and (10) Chi's first asylum application did not indicate that he was sterilized, even though the application was based on his opposition to China's family planning policies.

Because these discrepancies related to numerous material aspects of Chi's account of persecution—including the year his wife was inserted with an IUD, the number of times his house was destroyed, and the amount of the fine levied against him—they weigh heavily against Chi's credibility. The IJ gave Chi opportunities to reconcile his testimony, and a reasonable fact-finder would not necessarily be compelled to credit the explanations given. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). Therefore, despite any remaining errors in the IJ's analysis, the substantial discrepancies supporting the IJ's adverse credibility determination allow us to "state with confidence that the IJ would adhere to his decision were the petition remanded." *Qyteza v. Gonzales*, 437 F.3d 224, 228 (2d Cir.2006) (quoting *Xiao Ji Chen v. U.S. Dept. of Justice*, 434 F.3d 144, 161 (2d Cir.2006)). In such circumstances, remand is unnecessary.

Because Chi's withholding of removal claim was based on the same set of facts that the IJ found to be not credible in the context of his asylum claim, that adverse credibility determination will preclude the withholding claim. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Chi failed to challenge the IJ's CAT finding in his brief to this Court, and that claim should therefore be deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

Accordingly, it is ORDERED that the petition for review is hereby DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).